IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| JAMES J. DIESI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3099 |
| | ) | |
| GERALD M. SHAPIRO, DAVID S. | ) | |
| KREISMAN, SHAPIRO & | ) | |
| KREISMAN, LOGS FINANCIAL | ) | |
| SERVICES, INC., WASHINGTON | ) | |
| MUTUAL BANK, F.A., and | ) | |
| THEODORE J. HARVATIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Washington Mutual Bank, F.A.'s (WMB) Motion to Dismiss Complaint (d/e 11) for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff James J. Diesi's (Diesi) Complaint against WMB alleges violations of the Fair Debt Collection Practices Act (FDCPA), and claims statutory damages, as well as costs and fees.  Diesi does not

1

oppose WMB's Motion.[1]  For the reasons stated below, WMB's Motion to Dismiss is ALLOWED.

## BACKGROUND

According to the Complaint, the law firm of Shapiro & Kreisman started mortgage foreclosure proceedings against Diesi on behalf of the Federal National Mortgage Association on April 5, 2000.  Attorney Alan Applebee (Applebee) began representing Diesi in the foreclosure action in May 2000.  During the pendency of the mortgage foreclosure action, WMB began to service the mortgage loan.

On March 20, 2003, WMB's attorney Theodore J. Harvatin (Harvatin) faxed a letter, referred to as the "Reinstatement Letter," to Attorney Applebee.  Diesi claims that the Reinstatement Letter contained false, misleading and deceptive figures, in that it made a "wrongful and illegal demand for excessive escrow payments for real estate taxes," and "intentionally inflated" claimed foreclosure attorney's fees and costs. Notice of Removal (d/e 1), Exh. B, Complaint, pg. 6, ¶ 12.  Diesi seeks statutory damages pursuant to the FDCPA, 15 U.S.C. §§ 1692k(1) and (2)(A), as well

---

[1]After the original time for Diesi to respond to WMB's Motion had passed, the Court gave Diesi leave to respond until July 26, 2004.  See July 8, 2004, Text Order.  Diesi has still not responded.

as costs and fees.

Diesi filed his Complaint alleging violation of the FDCPA on March 19, 2004, in the Circuit Court of the Seventh Judicial Circuit of Illinois. Defendants removed the case to this Court without objection from Diesi. See June 9, 2004, Minute Entry. On June 23, 2004, this Court granted Shapiro & Kreisman and Logs Financial Services' Motion for Summary Judgment (d/e 9) and dismissed them from the action. See June 24, 2004, Order (d/e 13). As of this date, Diesi has yet to serve Defendants Gerald M. Shapiro, David S. Kreisman, and Attorney Harvatin.

## ANALYSIS

On WMB's Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts under which relief may be granted. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Fed. R. Civ. P. 12(b). The plaintiff is required only to provide a short and plain statement of his claim "that will

give the defendant fair notice of what the [plaintiffs'] claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992) ("A complaint must at least 'include the operative facts upon which a plaintiff bases his claim.'" (quoting Rodgers v. Lincoln Towing Serv., Inc., 771 F.2d 194, 198 (7th Cir. 1985)).

In his Complaint, Diesi alleges that the Reinstatement Letter faxed to Attorney Applebee was "false, misleading and deceptive under [15 U.S.C.] §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) of the FDCPA." Notice of Removal, Exh. B, Complaint, pg. 7, ¶ 14. In response, WMB argues that Diesi's claim must be dismissed because Diesi lacks standing to sue WMB under the FDCPA for two reasons: (1) the FDCPA is designed to protect consumers, not their attorneys; and (2) Attorney Harvatin's fax was a communication directed solely at Attorney Applebee, not at Diesi, thereby removing any grounds Diesi may have for suit against WMB.

Communications between a debt collector and a consumer's attorney are not actionable under the FDCPA. See Zaborac v. Phillips & Cohen Assoc., Ltd., ___ F.Supp.2d ___, 2004 WL 1766118, *3 n.5 (N.D. Ill.,

4

August 2, 2004) ("Reading 'collection of the debt' to apply only to consumers, and not to all of their attorneys' communications with the debt collectors, is sound because a consumer's attorney is quite properly considered an intermediary between the debt collector and the consumer, and as such has his or her own responsibility for protecting the consumer."); Tromba v. M.R.S. Assoc., Inc., 323 F.Supp.2d 424, 2004 WL 1462509, *4 (E.D.N.Y., June 30, 2004) (holding that debt collector's fax to consumer's attorney provided, "Plaintiff . . . no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself."); Phillips v. North American Capital Corp., 1999 WL 299872, *3 (N.D. Ill., April 30, 1999) ("Furthermore, plaintiff has no standing to bring this claim. While the FDCPA prohibits certain communications with a 'consumer,' the statute does not prohibit such communications with a consumer's attorney. The underlying rationale of the statute--protecting unsophisticated consumers--does not support a ban on communications with consumers' attorneys, who presumably have a higher level of sophistication.").

Although expressed in dictum, the Second Circuit has also written that, "[a] review of the FDCPA's purpose, as explained both in the statute

and in the legislative history, and this Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to <u>attorneys</u> for putative debtors cannot constitute violations of the FDCPA." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2$^d$ Cir. 2002) (emphasis in the original). The court explained that this interpretation is logical because "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." Id. at 128.

The Court finds this analysis persuasive. Accordingly, the Court holds that Diesi has no cause of action under the FDCPA against WMB for a communication directed by WMB solely to Diesi's attorney. THEREFORE, Defendant Washington Mutual Bank, F.A.'s Motion to Dismiss (d/e 11) is ALLOWED. Plaintiff James J. Diesi's Complaint against Washington Mutual Bank, F.A., is dismissed with prejudice.

Further, the Court notes that Diesi has 120 days from the removal of his Complaint to this Court, to serve the remaining, unserved Defendants Gerald M. Shapiro, David S. Kreisman, and Theodore J. Harvatin. See Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 (7th Cir. 2001);

Fed. R. Civ. P. 4(m), 81(c).  If Diesi fails to serve the unserved Defendants in time, his Complaint will be dismissed as to them for want of prosecution.

IT IS THEREFORE SO ORDERED.

ENTER:   August 23, 2004.

    FOR THE COURT:

                            s/ Jeanne E. Scott
                            JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE